RHINELANDER PAPER CO. V. PITTSBURGH & OHIO MINING CO.

**Notary Public, a Clerk in Firm of Attorneys for Attaching Creditors, not Disqualified From Having Affidavit Sworn to Before Him.**

A notary public, employed as a clerk on salary in the office of attorneys for attaching creditors, not a relative or attorney of either party and having no immediate interest in the controversy, is not disqualified, within the meaning of Gen. Code 11524, 11532, from having an affidavit in attachment sworn to before him.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Sterns, Chamberlain & Royon,* for plaintiff in error:

Cited and commented upon by the following authorities:— *Ward* v. *Ward,* 10 Circ. Dec. 656 (20 R. 136) ; *Leavitt* v. *Rosenberg,* 83 Ohio St. 230 [93 N. E. Rep. 904] ; *Shaw* v. *Lindsay,* 15 Ves. 380; *Newton* v. *Foot,* 2 Dick. 793; *Cook* v. *Wilson,* 4 Madd. 380; *Beck* v. *Bethlehem,* 2 Pa. Co. Ct. 511; *Dodd* v. *Northrup,* 37 Conn. 216; *Call* v. *Pike,* 66 Me. 350; *Hacker* v. *United States,* 37 Ct. Cl. 86 (U. S.) ; Weeks, Depositions 283; *Blum* v. *Jones,* 86 Tex. 492 [25 S. W. Rep. 694] ; *Bean* v. *Quimby,* 5 N. H. 94; *Wilkowski* v. *Halle,* 37 Ga. 678 [95 Am. Dec. 374] ; *Glanton* v. *Briggs,* 5 Ga. 424; *Payne* v. *Briggs,* 8 Neb. 75; *Massachusetts Mut. Acc. Assn.* v. *Dudley,* 15 App. D. C. 472; *Bryant* v. *Ingraham,* 16 Ala. 116; *Tillinghast* v. *Walton,* 5 Ga. 335.

*M. B. & H. H. Johnson,* for defendant in error:

Right of notary in office of but not attorney for affiant to take oath in affidavit for attachment. 2 Cyc. 12; *Lopes* v.

*DeTasket,* 4 Moore C. P. 424; *Goodtitle* v. *Badtitle,* 8 T. R. 638; *Turner* v. *Bates,* 10 Q. B. 292; *MacKenzie* v. *MacKenzie,* 238 Ill. 616 [87 N. E. Rep. 848]; *Griffin* v. *Borst,* 4 Wend. (N. Y.) 195; *Willard* v. *Judd,* 15 Johns. (N. Y.) 531; *Hallenback* v. *Whitaker,* 17 Johns. (N. Y.) 2; *People* v. *Spalding,* 2 Paige (N. Y.) 326; *Potier* v. *Barclay,* 15 Ala. 439; *Singer* v. *McAllister,* 22 Neb. 359 [35 N. W. Rep. 181]; *Schuyler Nat. Bank* v. *Bollong,* 24 Neb. 821 [40 N. W. Rep. 411]; *Lynch Co.* v. *Wayne Circuit Judge,* 129 Mich. 110 [88 N. W. Rep. 387]; *Carr* v. *Hooper,* 48 Kan. 253 [29 Pac. Rep. 398].

Notary taking oath not "interested in the event of the action or proceeding" to disqualify him. *Eisenlord* v. *Clum,* 126 N. Y. 552 [27 N. E. Rep. 1024; 12 L. R. A. 836]; *Browning* v. *Bancroft,* 5 Metc. (Mass.) 88; *Perine* v. *Grand Lodge A. O. U. W.* 48 Minn. 82 [50 N. W. Rep. 1022]; *Hobart* v. *Hobart,* 62 N. Y. 80; *Pitzl* v. *Winter,* 96 Minn. 499 [105 N. W. Rep. 673]; *Chandler* v. *Brainard,* 31 Mass. (14 Pick.) 285; *Smith* v. *State,* 18 Ohio 89; *Palmer* v. *Hospital,* 10 Kan. App. 98 [61 Pac. Rep. 506].

Cases reviewed. *Newton* v. *Foote,* 2 Dick. 793; *Cooke* v. *Wilson,* 4 Madd. 380; *Shaw* v. *Lindsey,* 15 Ves. 380; *King* v. *Wallace,* 3 T. R. 402; *Beck* v. *Bethlehem,* 2 Pa. Co. Ct. Rep. 511; *Dodd* v. *Northrop,* 37 Conn. 216; *Call* v. *Pike,* 66 Me. 350; *Blum* v. *Jones,* 86 Tex. 492 [25 S. W. Rep. 694]; *Bean* v. *Quimby,* 5 N. H. 94; *Wilkowski* v. *Halle,* 37 Ga. 678 [95 Am. Dec. 374]; *Tillinghast* v. *Walton,* 5 Ga. 335; *Glanton* v. *Griggs,* 5 Ga. 429; *Goodrich* v. *Williams,* 50 Ga. 426; *Payne* v. *Briggs,* 8 Neb. 75; *Smith* v. *Smith,* 2 Me. (2 Greenl.) 408; *Bryant* v. *Ingraham,* 16 Ala. 116.

**WINCH, J.**

The sole question for review in this case is the sufficiency of an affidavit in attachment which was sworn to before a clerk or employe in the office of the attorneys for the attaching creditor.

Gen. Code 11524 says that an affidavit may be made before any person authorized to take depositions, and Gen. Code 11532 provides:

Paper Co. v. Mining Co.

"The officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceedings."

The notarial officer before whom this affidavit was sworn to was not a relative or attorney of either party, nor does the record show that he was "otherwise interested in the event of the action or proceeding." He was a young man working on a salary for a firm of attorneys in the case. He had no connection with this case beyond taking the affidavit. The interest in the event of the action or proceeding which disqualifies a notary public from acting in the taking of affidavits, we hold to be some legal, certain and immediate interest such as formerly disqualified witnesses from testifying. See *Smith* v. *State*, 18 Ohio 89.

No such interest appears here, and we find no occasion for extending the limitations of the statute beyond its words; while the attorney of a party may not act in taking a deposition or affidavit, the prohibition is not extended to the clerk of such attorney.

The trial court having come to the same conclusion, its judgment is affirmed.

**Marvin** and **Niman, JJ.,** concur.